Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from an order of the chancery court, dissolving the injunction in the cause.
On the 30th April, 1840, Charles J. Searles made an assignment to Tupper & Rollins, in the following words: “ The foregoing claims, amounting to $36,891 66, I, Charles J. Searles, in behalf of myself, and as surviving partner of the late firm of J. Silverberg & Co. and Searles & Yanderherst, and in behalf of the late firm of M. Yanderherst & Co., do hereby transfer to Tupper & Rollins, to be collected, and the first proceeds of which are to be applied in the payment of all their liabilities, by way of acceptances and otherwise, for me, and the late firms of *290 J. Silverberg & Co., and Searles & Yanderherst, and the balance of the proceeds of said claims are to be paid by said Tupper & Rollins, when collected, to Messrs. Burk, Watt & Co., or their order ; they to retain the usual fees for collection.” The claims so transferred were payable, partly to J. Silverberg &Co., partly to J. Silverberg alone, partly to Charles J. Searles, partly to Searles & Yanderherst, and some of them to various other persons.
The bill charges that this assignment is fraudulent and void, and that it was made for the benefit of Searles, and of Burk, Watt & Co. It charges that Tupper & Rollins will collect the said debts, and misapply the proceeds; prays for an injunction to restrain the further collection of the debts so assigned, and for a decree for a delivery of the¡ claims to the complainant.
The bill also charges that there was an agreement at the time of the dissolution of the firm of J. Silverberg & Co., which occurred a few months before the death of Silverberg, that he alone should have authority to settle the partnership affairs; but this is denied by the answer, and is not proven.
The answers deny all fraud in the assignment, or otherwise, land allege that the liabilities of Tupper & Rollins had been incurred by the request of both the partners ; and that the assignment was made to relieve them from those liabilities.
The injunction was dissolved. It is now insisted that this order was erroneous, because some of the debts for which the assignment was made, were the individual debts of Searles, or were altered in their form by him, by renewal or otherwise, after the dissolution. It is no doubt true, that the power of a partner to bind the firm, ceases with the dissolution. It is equally true that the surviving partner cannot transfer the partnership effects to pay a debt of his own; neither can he apiply the effects of one firm, to pay the debts of a different firm. The assignee taking the effects under such circumstances, with notice, would be but a trustee for the benefit of those really entitled. The personal representatives of the deceased partner have a right to insist upon the application of the joint property, *291 in the hands of the survivors, to the payment of the joint debts, and a division of the surplus. In ease of a neglect of duty, or improper conduct on the part of the survivor, a court of equity may interpose by injunction, or by appointing a receiver, and compel a correct application of the funds. Story on Part. 492, 496. These rules of law are clear; does this case require the interposition of a court of equity 1 The assignment in question was of various classes of debts, and for various purposes. Under it the debts due to J. Silverberg & Co. are properly applicable to the payment of the debts due from that firm; and so of each of the other firms and individuals. If the assignees thus apply the proceeds when collected, they will act in the strict line of their duty ; if they divert them from these to other purposes, they will be liable for so doing. The bill does not charge that they are insolvent, and the answers allege that they are abundantly able to answer for any misapplication of the funds.
It was in the power of Searles, as surviving partner, to assign the choses in action due to the firms for the payment of the debts due from them respectively, and to assign the debts due to himself, for the payment of his own debts. It would have tended to avoid confusion, if the assignment had more plainly designated the several classes of debts, and the several objects to which they were to be applied. It is for the complainant to show a misapplication of the funds, in order to sustain the injunction. He has not done so, and, in the absence of such showing, we cannot interfere with the order of dissolution. That being the only matter appealed from, the order is affirmed, and the cause remanded.
The counsel for appellant filed a petition for a rehearing in this case. It was not granted.